UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TONY RICHARD, | § |
| | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 4:14-cv-2519 |
| | § |
| EQUIFAX, INC., *et al.* | § |
| | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Santander Consumer USA, Inc.'s Motion to Dismiss. (Doc. No. 17.) Defendant's Motion is hereby **GRANTED** and Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

I.  BACKGROUND

Plaintiff Tony Richard brought this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendant Santander Consumer USA, Inc. ("Santander") and several credit reporting agencies. Plaintiff alleges that Santander erroneously reported to the credit reporting agencies that an automobile financed by Santander had been repossessed. (Doc. No. 12 at 2.) Plaintiff further alleges that, after disputing the reports regarding the auto loan account to the credit reporting agencies, the agencies updated the account information on his credit report but with new, still-inaccurate information. (*Id.* at 3.) Plaintiff is suing Santander and three of the credit reporting agencies for violation of 15 U.S.C. §

1681s-2(b), the provision of the FCRA concerning the duties of those who furnish information to credit reporting agencies upon notification of a dispute.

On October 24, 2014, Santander filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 17.) Santander argues that Plaintiff has failed to make factual allegations sufficient to show that Santander did not perform its duties under the FCRA, including the notice requirements of 15 U.S.C. §1681i(a)(2). (*Id.* at 3-4.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, 990 (5th Cir.2006). To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the grounds for entitlement to relief, including factual allegations that when assumed to be true raise a right to relief above the speculative level. *Bell Atl. Corp. et al. v. Twombly et al.*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor et al.*, 503 F.3d 397, 401 (5th Cir.2007). In other words, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain

2

detailed factual allegations, but must set forth more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Id.*

## III. ANALYSIS

To recover under 15 U.S.C. §1681s-2(b), Plaintiff must demonstrate that: "(1) [he] notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified the Defendants of the dispute; [and] (3) the Defendants failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation." *Smith v. Nat'l City Mortg.*, No. A–09–CV881 LY, 2010 WL 3338537, at *15 (W.D.Tex. Aug.23, 2010). "Therefore, liability for any alleged violations does not result until a credit reporting agency reports an inaccuracy and the furnisher fails to correct the error; such notice is necessary to trigger the furnisher's duties under Section 1681s–2(b)." *Finegan v. Chase Home Fin., LLC*, No. 4:10-CV-04645, 2012 WL 444046, at *3 (S.D. Tex. Feb. 10, 2012) (Ellison, J.) (internal quotations omitted).

In his Amended Complaint, Plaintiff states that he notified the Defendant credit reporting agencies of the disputed information. (Doc. No. 12 at 2.) However, Plaintiff does not allege that Santander was notified of the dispute, nor does Plaintiff allege any facts with regard to an investigation by Santander or lack thereof. Plaintiff alleges only that the credit reporting agencies "updated" the Santander account information by "adding new inaccurate information." (*Id.* at 3.) This allegation, without more, is insufficient to state a plausible claim for relief under 15 U.S.C. 1681s-2(b).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 17) is **GRANTED**. The Court will allow Plaintiff thirty days to file an amended complaint.

**IT IS SO ORDERED**

**SIGNED** at Houston, Texas, on this the 17th day of December, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE